*In re* Edmundo Ayala Oquendo.

*Número:* 8072          *Resuelto:* 2 de julio de 1993

*Govén D. Martínez Surís, Director de la Oficina de Inspección de Notarías; Edmundo Ayala Oquendo, pro se.*

## RESOLUCIÓN

### I

El 6 de mayo de 1993 el Director de la Oficina de Inspección de Notarías, Lcdo. Govén D. Martínez Surís, nos solicitó orientación sobre la validez de la actuación del Lcdo. Edmundo Ayala Oquendo, quien el 3 de mayo de 1993 autorizó la Escritura Núm. 11 de testamento abierto

*en la ciudad de Cutler Ridge, Miami, Florida.* Nos expuso su criterio de que conforme a la Ley Notarial de Puerto Rico, Ley Núm. 75 de 2 de julio de 1987 (4 L.P.R.A. sec. 2001 *et seq.*), un notario no está autorizado a ejercer la notaría más allá de los límites del territorio del Estado Libre Asociado de Puerto Rico.

El 21 de mayo de 1993 concedimos al licenciado Ayala Oquendo término para que compareciera y contestara las interrogantes expuestas por el Lcdo. Govén D. Martínez Surís. Mediante una carta recibida el 3 de junio de 1993, el licenciado Ayala Oquendo aceptó haberse trasladado al estado de la Florida y haber otorgado dicha escritura donde figuraban bienes sitos en Puerto Rico. Alegó que por tratarse de bienes sitos en Puerto Rico había que cumplir con las solemnidades y leyes del Estado Libre Asociado, a tenor con el Art. 10 (31 L.P.R.A. sec. 10).[1]

Señaló, además, "que aunque no hubo intención alguna de [e]ste servidor de violar ninguna Ley tampoco de causar daño a persona en el caso de epígrafe. Solo del [t]ribunal entenderlo así, cometimos un error de juicio al interpretar las disposiciones legales". Carta de 2 de junio de 1993, pág. 2.

## II

En lo pertinente, el Art. 3 de la Ley Notarial de Puerto Rico, *supra*, 4 L.P.R.A. sec. 2003, el cual regula todo el ejercicio del notariado en nuestra jurisdicción, expresamente dispone que:

[El]notario estará autorizado para ejercer su función en todo el Estado Libre Asociado de Puerto Rico.

Como vemos, no autoriza a ejercer la notaría más allá

---

[1] "Los bienes muebles están sujetos a la ley de la nación del propietario; los inmuebles a las leyes del país en que estén sitos." 31 L.P.R.A. sec. 10.

del Estado Libre Asociado.(²) Sólo dentro de esta jurisdicción estará facilitado para dar testimonio de fe y autenticar documentos públicos conforme a las leyes aplicables. El ejercicio de esas funciones no trasciende las fronteras territoriales de Puerto Rico.

Es obvio que el licenciado Ayala Oquendo carecía de autoridad para actuar como notario en el estado de la Florida. En consecuencia, la escritura de testamento abierto es nula y carece de efecto jurídico en esta jurisdicción. No puede ser inscrita en el Registro de Testamentos.(³)

*Publíquese.*

Lo acordó el Tribunal y certifica el señor Secretario General. El Juez Asociado Señor Fuster Berlingeri no intervino.

*(Fdo.)* Francisco R. Agrait Lladó
*Secretario General*

---

(²) Mediante Resolución de 14 de octubre de 1982, en *In re Ramos L. Lloréns Santini*, Núm. 5306; resolvimos que según la Ley Notarial de Puerto Rico, un notario no estaba autorizado a ejercer la notaría fuera del Estado Libre Asociado. En aquella ocasión, el licenciado Lloréns Santini había otorgado unos afidávit en la República Dominicana.

(³) El testamento, como acto de última voluntad, ha de estar rodeado de las mayores garantías (ad solemnitatem) *"funcionario autorizante*, capacidad del testador, características de los testigos, firmas y otros".* (Énfasis suplido.) *Rivera Pitre v. Galarza Martínez*, 108 D.P.R. 565, 567 (1979).